UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RASHAWN KINGSBERRY,

                    Plaintiff,               21-cv-9076 (JGK)

      - against -               MEMORANDUM OPINION
                                      AND ORDER
WARDEN CARTER, ET AL.,
                    Defendants.

---

JOHN G. KOELTL, District Judge:

In his amended complaint, the pro se plaintiff, Rashawn Kingsberry, alleges that several correction officers violated his federal constitutional rights while he was incarcerated by the New York City Department of Correction ("NYDOC") on Rikers Island. The plaintiff alleges that, on October 5, 2021, he was deprived of toilet paper, soap, and a toothbrush for approximately 2-3 days and that, after complaining, he was transferred to the facility's intake holding cells, where the "toilet water was turned off" and he was not given food or water "for 7-8 hours." Amended Complaint, ECF No. 15, at 4-5; Complaint, ECF No. 2, at 4-5.[1]

---

[1] The plaintiff signed his initial complaint on October 6, 2021, and it was delivered to prison officials for mailing on October 12, 2021. Compl. at 7. On December 7, 2021, this Court issued an Order of Service requiring the New York City Law Department to identify the defendant "Captain John Doe" on duty on October 5, 2021, and directing the plaintiff to file an amended complaint within thirty days of receiving this information. ECF No. 8, at 1-2. On March 14, 2022, the plaintiff filed an amended complaint in which the Facts, Injuries, and Relief read only "same claim." Am. Compl. at 4-5.

The defendants now move to dismiss the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the plaintiff failed to exhaust his administrative remedies and that the amended complaint fails to state a constitutional claim. For the following reasons, the defendants' motion to dismiss is **granted**.

I.

The Prison Litigation Reform Act ("PLRA") requires that inmates exhaust available prison grievance procedures before initiating a lawsuit regarding prison conditions. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 204 (1997). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, even when the prisoner seeks relief, such as money damages, that is not available through administrative proceedings. Id. at 524.[2]

"Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." Williams v. Corr. Officer Priatno, 829 F.3d 118, 122 (2d Cir.

---

[2] Unless otherwise indicated, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and quotation marks in quoted text.

2

2016). Moreover, "[c]ourts are to afford pro se litigants "special solicitude," Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), by construing their pleadings liberally "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam). However, this liberal pleading standard "does not excuse a pro se plaintiff from providing sufficient factual allegations that state a plausible claim," Tyler v. Argo, No. 14-cv-2049, 2014 WL 5374248, at *2 (S.D.N.Y. June 11, 2015), and a district court "may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement," Williams, 829 F.3d at 122.

NYDOC has an Inmate Grievance and Request Program, which provides a multi-step grievance process available to inmates in DOC custody. See N.Y.C. Dep't of Corr., Directive 3376R-A (effective Dec. 10, 2018) ("IGRP").[3] The IGRP applies to complaints based on a prisoner's conditions of confinement. See, e.g., Taylor v. N.Y.C. Dep't of Corr., 849 F. App'x 5, 9 (2d Cir. 2021).

---

[3] Because the IGRP procedures are a matter of public record, "[i]t is a common practice in this District to take judicial notice of the version of the IGRP in effect at the time of the events giving rise to a prisoner's claim." Sanders v. City of New York, No. 16-cv-7426, 2018 WL 3117508, at *4 n.1 (S.D.N.Y. June 25, 2018).

It can take up to several weeks to complete the IGRP. See IGRP §§ V-IX. An inmate must submit a grievance within ten days of the complained-of incident. Id. §§ III.A. A Grievance Coordinator has seven business days to investigate the grievance and render a proposed resolution. Id. § VI.A.1. If the inmate disagrees with the Grievance Coordinator's proposed resolution, the inmate may appeal to the facility's Commanding Officer, who has five business days to issue a determination. Id. §§ VI.A.6.a.ii, VII.B. The inmate has two business days to appeal the Commanding Officer's disposition to the facility's Division Chief, id. § VII.D, who must issue a disposition within five business days, id. § VIII.B. The Central Office Review Committee ("CORC") must receive any appeal from the Division Chief's proposed disposition within two business days of the inmate's receipt of that disposition. Id. § IX.D. Finally, members of the CORC must submit to the CORC's chairperson, the Director of Constituent and Grievance Services, their respective decisions within five business days of receiving the appeal. Id. § IX.F.1.b. "The CORC's disposition constitutes the Department's final decision on the inmate's grievance." Id. § IX.A. Inmates must complete each step of this process to properly exhaust their administrative remedies. See, e.g., Massey v. City of New York, No. 20-cv-5665, 2021 WL 4943564, at *6 (S.D.N.Y. Aug. 30, 2021).

4

In this case, it is clear from the face of the complaint that administrative grievance procedures were available to the plaintiff but that he did not exhaust these procedures before initiating this action. The plaintiff alleges that the incident giving rise to the complaint occurred on October 5, 2021, while the plaintiff was in NYDOC custody. But the plaintiff initiated this action only a week later, on October 12, 2021, when the initial complaint was given to prison officials. See Smith v. City of New York, No. 12-cv-8131, 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) ("Under the prison mailbox rule, a submission from an incarcerated pro se litigant is generally deemed to have been filed when it is given to prison officials."). Given the number of administrative steps in the IGRP and the amount of time allocated for each step, it is virtually impossible that the plaintiff could have completed these steps and received a final decision, thereby exhausting the IGRP procedures, before initiating this action. See, e.g., Rivera v. Royce, No. 19-cv-10425, 2021 WL 2413396, at *6 (S.D.N.Y. June 11, 2021) (dismissing complaint because the "timing preclude[d] the possibility that Plaintiff could have exhausted his administrative remedies" under the IGRP where sixteen days passed between complained-of conduct and signing of initial complaint); Stokes v. de Blasio, No. 17-cv-7890, 2019 WL 132279, at *3 (S.D.N.Y. Jan. 8, 2019) (same, with ten business days between the

last of the complained-of events and the delivery of the complaint to prison officials); <u>Price v. City of New York</u>, No. 11-cv-6170, 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (21 days).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Jones</u>, 549 U.S. at 211. Because it is clear from the face of the plaintiff's complaint that the plaintiff has failed to exhaust his available administrative remedies, the defendants' motion to dismiss is **granted**. It is unnecessary to reach the defendants' remaining arguments.

CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's amended complaint is **dismissed without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice and to close this case and all pending motions. The Clerk is also directed to mail a copy of this Order to the <u>pro se</u> plaintiff and to note service on the docket of the Court.

SO ORDERED.
Dated:     New York, New York
           October 17, 2022

                              _____
                                   John G. Koeltl
                              United States District Judge